ROSARIA CALASCIONE, Respondent, *v.* LINDLEY M. GARRISON, as Receiver of NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.

Second Department, July 25, 1923.

Street railways — action by passenger to recover for injuries suffered when she was struck by door as she was leaving subway car — plaintiff delayed leaving car but attempted to do so as door was being closed — error to charge that guard was guilty of negligence as matter of law if she failed to look for departing passengers after all who apparently wished to leave had done so.

In an action to recover for injuries suffered by the plaintiff when she was struck by a door of a car in defendant's subway train as she was about to leave the car, it appeared that plaintiff delayed leaving the car until all the other passengers who apparently wished to leave at that station had done so, and all incoming passengers had entered the car; that the plaintiff tried to leave as the door was being closed, and was struck by the door.

*Held*, that it was error for the court to charge that the guard on defendant's car was guilty of negligence as matter of law if she failed to look again before closing the door after she had seen that all passengers showing a desire to leave the car had left it and all passengers intending to enter the car had done so.

The jury should have been instructed that if reasonable care required her to look again and she failed to do so a finding of negligence might be predicated thereon.

APPEAL by the defendant, Lindley M. Garrison, as receiver, etc., from a judgment of the County Court of the county of Kings in favor of the plaintiff, entered in the office of the clerk of said county on the 24th day of November, 1922, upon the verdict of a jury for $700, reduced by the court to $500, and also from an order entered in said clerk's office on the 25th day of October, 1922, denying defendant's motion for a new trial made upon the minutes.

*Andrew F. Van Thun, Jr.* [*George D. Yeomans* with him on the brief], for the appellant.

*Roy R. Richard* [*Effingham L. Holywell* with him on the brief], for the respondent.

PER CURIAM:

The plaintiff was a passenger upon one of the subway trains operated by the defendant, and claims to have been injured by the negligent closing of the car door. The train upon which she

was riding stopped at the station. The doors of the car were opened and all passengers evincing a desire to alight had the opportunity. The conductor, a young woman, then turned her gaze to the platform to see that all passengers desiring to enter the car did so before she closed the doors. After this had occurred the plaintiff and her son arose and attempted to pass out of the door and while doing so the plaintiff was struck by the door in the process of closing. It is claimed that the defendant's employee was negligent under these circumstances in closing the door.

The defendant was entitled to have the jury clearly instructed as to the burden of care cast upon it. " It was bound to exercise reasonable and commensurate care in view of the dangers to be apprehended." (*Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 N. Y. 301, 306; *McDonald* v. *Long Island R. R. Co.*, 116 id. 546.) The charge of the court did not clearly point out the degree of care the defendant was required to exercise. Plaintiff's counsel made this request to charge: " I ask your Honor to charge that the evidence in this case being that the conductorette in question did not look inside of the car again before closing the door in question, that your Honor charge the jury that that being the fact, the conductorette was guilty of negligence, as a matter of law. The Court: If such were the fact you mean? Plaintiff's Counsel: That being the testimony, that not being denied. The Court: Well, it comes from an interested witness, you know. It is for the jury to determine the question of fact. Of course, if it is the fact that the door was closed without the guard looking to see whether anybody was entering or leaving, that would be negligence."

The result of this was that the jury was left to find that the defendant might be found guilty of negligence if the so-called " conductorette " failed to look again after she had seen that all passengers showing a desire to leave the car had left the car and all intending passengers had entered the car in safety. We think this was error. The jury should have been instructed that if reasonable care required her to look again and she failed to do so, a finding of negligence might be predicated thereon. In the interest of justice the action should be submitted to the jury in a charge in which the duty of the defendant is clearly defined.

The judgment and order should be reversed upon the law and the facts and a new trial ordered, with costs to abide the event.

KELLY, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Judgment and order of the County Court of Kings county reversed upon the law and the facts and a new trial ordered, costs to abide the event.